IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CROSSAN D. HOOVER, JR.,

    Petitioner,                         No. CIV S-09-1917 MCE DAD P

    vs.

J.W. HAVILAND,

    Respondent.                      <u>FINDINGS AND RECOMMENDATIONS</u>

                                            /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner challenges his 2007 prison disciplinary conviction for possessing a cell phone. Before the court is respondent's motion to dismiss the petition on exhaustion grounds.

**PETITION FOR WRIT OF HABEAS CORPUS**

        Petitioner contends that on November 30, 2007, he was found guilty of a prison rules violation for being in possession of a cell phone and forfeited sixty-days of time credits as a result. Petitioner challenges that prison disciplinary action on the grounds that: (1) he has a liberty interest under the Fifth and Fourteenth Amendments that affords him due process protections, (2) his due process rights were violated when his request that three witnesses be called at his disciplinary hearing was denied, and (3) the disciplinary hearing decision was not

supported by evidence satisfying either the preponderance of the evidence standard or the "some evidence" standard.

## MOTION TO DISMISS

I. <u>Respondent's Motion</u>

Respondent argues that petitioner failed to exhaust his claim that he was denied the opportunity to call witnesses at his disciplinary hearing.  Respondent acknowledges that petitioner raised this claim in the habeas petition he filed with the Solano County Superior Court but notes that in denying relief that court made the following finding:

> Regarding his claims that he was denied witnesses, Petitioner has failed to state a prima facie case for relief.  (<u>People v. Duvall</u> (1995) 9 Cal.4th 464, 475.)  Petitioner has not indicated to what each of these three witnesses would testify, so the Court cannot determine whether a violation of due process occurred.  Furthermore, based on what is known about what one witness would have stated, Petitioner has not shown that his hearing was prejudiced.  A due process violation does not require reversal unless prejudice is shown.  (<u>Chapman v. California</u> (1967) 386 U.S. 18, 24; <u>In re Angela</u> (2002) 99 Cal.App.4th 389, 391.)

(MTD (Doc. No. 15-1) at 2-3.)  Respondent states that petitioner filed essentially identical habeas petitions with the California Court of Appeal and the California Supreme Court.  Because those petitions were summarily denied by those courts, respondent argues that the denials also indicate a finding that petitioner failed to state a prima facie case for relief.  (Doc. No. 15 at 3-4.)

Respondent contends that a citation to <u>Duvall</u> means that petitioner has failed to comply with California's procedural pleading standards requiring that a state habeas application be pled with sufficient particularity.  Respondent argues that a procedurally deficient habeas petition filed with the California Supreme Court does not constitute fair presentation of the claims set forth therein.  Respondent asserts that because petitioner could have filed a state habeas petition that cured the pleading deficiency, he has not exhausted the claim in question in state court.

/////

Finally, respondent argues that this court should not grant petitioner stay and abeyance to allow him the opportunity to exhaust his claim that he was denied the opportunity to call witnesses at his disciplinary hearing. In this regard, respondent asserts that petitioner has not shown good cause for his failure to exhaust his claim by properly presenting it to the highest state court, nor has he demonstrated that the claim in question is not plainly meritless. (Id. at 5.) Thus, according to respondent, the pending habeas petition should be dismissed.

II. Opposition

In his opposition to the motion to dismiss, petitioner argues that he has exhausted his claim regarding the denial of witnesses at his disciplinary hearing. Petitioner represents that in his state habeas petitions he informed the state courts as to what each of his witnesses would have testified to if he had been allowed to call them. In this regard, petitioner states that in each of his state habeas petitions he explained that his witnesses would corroborate the following:

> 1) that Petitioner did not have constructive possession of cellphone (see original Petition Page 10).
>
> 2) the number of inmates who had access to [sic] area where cell phone was located. (See Original Petition Page 10).
>
> 3) the fact that staff failed to follow there [sic] own procedures in regards to a search and retrieval of contraband (See Original Petition page 10-11)
>
> 4) the fact that another inmate had in fact placed the contraband in the box in which it was found. (See Original Petition page 10-11).

(Opp'n at 3.) Petitioner acknowledges that although he did not set out the exact testimony of each of his witnesses, but argues that he "did provide the crux of the testimony to the hearing officer at his hearing, in his inmate appeal, and in the Original Petition which is now in front of this Honorable Court." (Id.) Thus, petitioner asserts that he afforded the state court with "the substance of the claim and full factual development in its [sic] support[.]" (Id.)

Petitioner also argues that after the prison disciplinary hearing, inmate Smith admitted to having possession of the cell phone and placing it in the box where it was found by

1  prison authorities under petitioner's bunk. Inmate Smith's affidavit, signed on August 18, 2008,
2  states as follows:

> On November 23, 2007, I was in possession of a false bottom can ("Manco Pride Meatballs") which contained a Metro PCS cell phone and charger. On that day, I became aware of correctional officers approaching "X" dorm, and I quickly placed the can in a box without a lid, located on the backwall [sic] of inmate Hoover's bunk, more specifically 14-X-4-L. I did this so that I would not get caught with the contraband as I was due to be released on January 3, 2008 and did not want to catch more time as a result of being in possession of a cell phone. I have since come back to C.S.P. Solano and have decided to step forward to tell the truth because it is the right thing to do.

9  (Petition (Doc. No. 1) at 45.)
10         Finally, in the event the court finds that plaintiff has not exhausted his claim that
11 he was denied witnesses at his disciplinary hearing, petitioner requests a stay and abeyance.
12 (Opp'n at 3.)
13 III.  Reply
14         Respondent replies that petitioner can still return to the state court and present his
15 claim with sufficient particularity under state law and should be required to do so. (Reply at 2.)
16 Respondent reiterates that petitioner's state habeas petitions were not pled with particularity
17 because petitioner did not specify what the witnesses he claims he was denied would have
18 testified to, how each witnesses possessed the information, how they would confirm any of the
19 alleged facts, or why such assertions could only be established through witness testimony. (Id.)
20 As to a stay and abeyance, respondent continues to contend that petitioner has not established
21 good cause for his failure to exhaust.

**EXHAUSTION REQUIREMENT**

23         A petitioner satisfies the exhaustion requirement by fairly presenting to the
24 highest state court all federal claims before presenting the claims to the federal court. See
25 Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.
26 Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A

4

federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

**ANALYSIS**

As noted above, the Solano County Superior Court rejected petitioner's claim concerning the three witnesses he was allegedly denied at his disciplinary hearing, finding that petitioner had failed to state a prima facie case for relief and citing the decision in Duvall. The same arguments, factual allegations and exhibits presented by petitioner to the Solano County Superior Court were also included in his habeas petitions filed with the California Court of Appeal for the First Appellate District and the California Supreme Court.[1] (MTD, Exhibits (Doc. No. 15-3) at 3.)

Under these circumstances, a federal court must independently examine the habeas petition filed with the California Supreme Court and determine whether a petitioner's claims were fairly presented to that court thereby satisfying the exhaustion requirement. Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986) ("It is therefore incumbent upon us, in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine . . . [petitioner's] petition to the California Supreme Court."). A state court's citation to Duvall in denying habeas relief does not automatically mean

---

[1] The only additional facts and exhibits that were included in the habeas petition filed with the California Supreme Court concerned the denial of habeas petition filed with the Solano County Superior Court and California Court of Appeal for the First Appellate District.

that petitioner has failed to properly exhaust state court remedies. See Kim, 799 F.2d at 1320 ("The mere citation of In re Swain does not preclude [federal habeas] review.")[2]; see also Spence v. State of California, No. CIV F-08-0045 AWI YNP DLB (HC), 2009 WL 1949102, at *5 (E.D. Cal. July 6, 2009) (rejecting the argument that petitioner failed to exhaust his habeas claims in state court based merely on the California Supreme Court's citation to the decisions in Swain and Duvall because petitioner had pleaded his claims in his state habeas petition with reasonable particularity and his arguments presented therein seemed quite clear); Walker v. Tilton, No. CIV F-07-1256 WWS, 2009 WL 1155663, at *3 (E.D. Cal. Apr. 29, 2009) (rejecting the argument that the petitioner had failed to exhaust his claims based on the California Supreme Court's mere citation to Swain and Duvall in denying relief since petitioner's state petition "stated his claims for relief, the facts supporting the claims, and cited specific provisions of the U.S. Constitution and relevant state and federal cases"); Moore v. Marshall, No. EDCV 07-1481 MMM(CT), 2009 WL 363280, at *5-6 (C.D. Cal. Feb. 12, 2009) (rejecting the argument that petitioner failed to exhaust state court remedies based merely on the California Supreme Court's citation to Duvall in denying relief because petitioner's state petition was based upon the same legal theories and operative facts as those alleged in his federal petition).

Thus, without considering the merits of petitioner's claim, the undersigned must determine whether it has been fairly presented to the California Supreme Court. In Davis v. Silva, 511 F.3d 1005 (9th Cir. 2008), the petitioner sought federal habeas relief on a very similar claim concerning the denial of witnesses as is alleged here. The court stated as follows:

> Davis relies on the constitutional principle that due process demands that an inmate facing a disciplinary proceeding have the right to call witnesses . . . . The question before us then is whether Davis' state habeas petition provided the California Supreme Court with all the facts necessary to give application to this principle.

---

[2] A citation to either Swain and Duvall means that the state court determined that petitioner had not pled facts with sufficient particularity. See Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005).

511 F.3d at 1009. The court determined that petitioner had presented the following operative facts to the California Supreme Court in his petition filed before that court: "[H]e was charged with assaulting a non-prisoner, a disciplinary hearing took place to deny him good-time credits, and, at the hearing, he was denied a witness in violation of his due process rights under Wolf." Id. at 1010. The Ninth Circuit concluded that petitioner Davis presented the California Supreme Court with all the necessary facts to state a cognizable claim for habeas relief. Id. at 1011.

In the case before this court, petitioner provided the California Supreme Court with the following operative facts and legal theory: [P]etitioner claimed that he was denied his due process rights under Wolf, that he was charged with possessing a cell phone, that he requested and was denied the opportunity to present testimony from three witnesses, that petitioner was found guilty of the rules violation and assessed sixty-days loss of good-time credit. Those allegations are sufficient to state a cognizable claim to habeas relief. In this regard, it is important to keep in mind that habeas "petitions must be read in context" and that "pro se [habeas] petitions are held to a more lenient standard than counseled petitions." Davis, 511 F.3d at 1009 (quoting Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) and Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003)). Moreover, exhaustion does not require that every piece of evidence supporting the federal claim be presented to the highest state court. Davis, 511 F.3d at 1009. Here, as in Davis, because the legal theory and operative facts were fairly presented by petitioner to the California Supreme Court, his claim is fully exhausted.[3]

Having independently examined the habeas petition filed by petitioner with the California Supreme Court, the undersigned finds that petitioner fairly presented to the highest state court his claim that he was denied the opportunity to call witnesses at his prison disciplinary

---

[3] The court would note that in his state habeas petitions, petitioner explained that the witnesses he wished to call at his disciplinary hearing would have testified that other inmates had access to the box where the cell phone was discovered by prison officials and such testimony would have supported petitioner's argument that he did not have "constructive possession" of the cell phone. (MTD, Exs. (Doc. No. 15-3) at 20.)

hearing in violation of his right to due process.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's June 1, 2010 motion to dismiss (Doc. No. 15) be denied and that respondent be ordered to file an answer to the petition for a writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hoov1917.mtd