IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSAN D. HOOVER, JR.,<br><br>    Petitioner,<br><br>vs.<br><br>J. W. HAVILAND, Warden (A), California State Prison, Solano,<br><br>    Respondent. | No. 2:09-cv-01917-JKS<br><br>MEMORANDUM DECISION |

  Crossan D. Hoover, Jr., a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254.  Hoover is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  Respondent has answered, and Hoover has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

  Hoover is serving an indeterminate prison term of 25 years to life following his November 1984 conviction of Murder in the First Degree (Cal. Penal Code § 187) in the Marin County Superior Court.  Hoover does not challenge his conviction or sentence in this proceeding.

  Hoover was charged in a Rules Violation Report ("RVR") of having a cell phone in his possession in violation of prison regulations.[1]  After a hearing before a Senior Hearing Officer ("SHO") in November 2007, Hoover was found guilty and assessed a penalty of the loss of 60 days of good time credit and a reduction in privileges for a period of 90 days.  The Warden

---

[1] Cal. Code Regs., tit. 15, § 3006(c)(19).

denied Hoover's Second Level Appeal, and Hoover's Director's Level Appeal was denied on

July 21, 2008.[2]  After he had exhausted his state administrative remedies, Hoover timely filed a

petition for habeas relief in the Solano County Superior Court, which denied the petition in an

unreported, reasoned decision.  The California Court of Appeal summarily denied Hoover's

petition for habeas relief to that court without explanation or citation to authority.  The California

Supreme Court also summarily denied Hoover's petition for habeas relief to that court on

March 12, 2009.  Hoover timely filed his Petition for relief in this Court on July 1, 2009.

The facts underlying Hoover's conviction as recited in the RVR:

> On 11-23-07, at approximately 2000 hours, while conducting my duties as
> a Facility III, S & R Officer, I conducted a search of Inmate Hoover (C-95838,
> 14X4L).  During my search I found (1) one LG Metro PCS cellphone and charger.
> The cellphone and charger were found in (1) one false bottom can.  The can
> stated, "Manco Pride Meatballs."  It should be noted that the cellphone and its
> container were located underneath Inmate Hoover's bunk inside a box.  I asked
> Inmate Hoover if the property was his and he stated, "yes, that's my stuff."  I
> placed the evidence in Locker #24 and marked the cellphone as follows:  R.F. 11-
> 23-07 and Inmate Hoover's CDC#.[3]

Based upon the RVR, the SHO found that the preponderance of the evidence established

that Hoover did, in fact, possess a cellphone and charger as reported and charged.[4]

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Hoover asserts that his due process rights were violated in connection with

the disciplinary hearing in that:  (1) he was denied the right to call witnesses on his behalf; and

---

[2] Prisoner disciplinary actions are subject to internal administrative review.  Cal. Code
Regs. tit. 15, §§ 3084.1, 3084.2, 3084.7, 3084.9.

[3] Docket No. 21-1, p. 33.

[4] Docket No. 21-1, p. 36.  The record does not reflect that the SHO received or considered
any evidence other than the information in the RVR and Hoover's testimony denying that the cell
phone was his and that the box was open and anyone could have put the cell phone in the box.

(2) his conviction was unsupported by sufficient evidence.[5]  Hoover has also requested an

evidentiary hearing and the appointment of counsel.  Respondent contends: (1) that this case is

not cognizable under § 2254, but must be brought as a civil rights action under 42 U.S.C. § 1983;

and, (2) that Hoover has no liberty interest at stake.  Respondent does not raise any affirmative

defense.[6]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" at the time the state court renders its decision or "was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."[7]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[8]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

---

[5] Although Hoover has enumerated three grounds, his first ground is simply an allegation that he is entitled to the protection of the Due Process Clause and that his due process rights were violated by the refusal of the SHO to permit him to call witnesses on his behalf.  Preclusion of the right to call witnesses is also asserted as his second ground.  Because these grounds are in reality essentially the same, for the purposes of deciding this case, the Court treats them as a single ground.

[6] *See* Rules—Section 2254 Cases, Rule 5(b).

[7] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[8] *Williams*, 529 U.S. at 412.

power of the Supreme Court over federal courts.[9]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[10]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be objectively unreasonable, not just incorrect or erroneous.[11]  The Supreme Court has made

clear that the objectively unreasonable standard is a substantially higher threshold than simply

believing that the state court determination was incorrect.[12]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'"[13]  In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

impact of constitutional error in a state-court criminal trial is whether the error had a substantial

and injurious effect or influence in determining the outcome.[14]  Because state court judgments of

---

[9] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[10] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[11] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[12] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[13] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[14] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden

of showing by a preponderance of the evidence that he or she merits habeas relief.[15]

The Supreme Court recently underscored the magnitude of the deference required:

As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on
federal court relitigation of claims already rejected in state proceedings. *Cf.
Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)
(discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves
authority to issue the writ in cases where there is no possibility fairminded jurists
could disagree that the state court's decision conflicts with this Court's
precedents. It goes no farther.* Section 2254(d) reflects the view that habeas
corpus is a "guard against extreme malfunctions in the state criminal justice
systems," not a substitute for ordinary error correction through appeal. *Jackson v.
Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens,
J., concurring in judgment). As a condition for obtaining habeas corpus from a
federal court, a state prisoner must show that the state court's ruling on the claim
being presented in federal court was so lacking in justification that there was an
error well understood and comprehended in existing law beyond any possibility
for fairminded disagreement.[16]

In applying this standard, this Court reviews the last reasoned decision by the state

court.[17] State appellate court decisions that summarily affirm a lower court's opinion without

explanation are presumed to have adopted the reasoning of the lower court.[18] This Court gives

the presumed decision of the state court the same AEDPA deference that it would give a

reasoned decision of the state court.[19]

---

[15] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516
U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis
of little more than speculation with slight support").

[16] *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786-87 (emphasis added).

[17] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044,
1055 (9th Cir. 2004).

[18] *Ylst*, 501 U.S. at 802-03.

[19] *Richter*, 562 U.S. at ___, 131 S. Ct. at 784-85 (rejecting the argument that a summary
disposition was not entitled to § 2254(d) deference).

Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[20] This is considered as the functional equivalent of the appeal process.[21] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[22] This presumption applies to state trial courts and appellate courts alike.[23]

## IV.  DISCUSSION

### A.      Evidentiary Hearing/Appointment of Counsel

Hoover has requested that this Court hold an evidentiary hearing and the appointment of counsel. Ordinarily, a federal habeas proceeding is decided on the complete state-court record and a federal evidentiary hearing is required only if the trier of fact in the state proceeding has not developed the relevant facts after a full hearing.[24] The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[25] Although under *Pinholster* an evidentiary

---

[20] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[21] *Id.* at 222.

[22] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[23] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[24] *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[25] *Pinholster*, 563 U.S. ___, 131 S. Ct. at 1398-99.

hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear

that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2),[26]

which provides:

> If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless
> the applicant shows that—
> > (A) the claim relies on—
> > > (i) a new rule of constitutional law, made retroactive to cases on
> > > collateral review by the Supreme Court, that was previously unavailable;
> > > or
> > > (ii) a factual predicate that could not have been previously
> > > discovered through the exercise of due diligence; and
> > (B) the facts underlying the claim would be sufficient to establish by clear
> > and convincing evidence that but for constitutional error, no reasonable factfinder
> > would have found the applicant guilty of the underlying offense.

Hoover's request in this case does not meet that standard.  In this case, Hoover did not

request an evidentiary hearing in the state courts.  Thus, it cannot be said on the record that the

state courts precluded him from developing the factual basis for his claim.[27]  It does not appear

from the record that the California courts made any independent evidentiary findings, and review

in this case is based upon the findings of the SHO, who did hold a hearing developing the facts.

Hoover has not identified any factual conflict that would require this Court to hold an evidentiary

hearing to resolve.  Hoover's request for an evidentiary hearing will be denied.

---

[26] *Pinholster*, 563 U.S. at ___, 131 S. Ct. at 1400-01.

[27] *See id.* at ___ n.5, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the
majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop
the facts was the fault of the state court itself).

There is no constitutional right to counsel in federal habeas proceedings.[28]  Appointment

of counsel is not required in a habeas corpus proceeding in the absence of an order granting

discovery or an evidentiary hearing.[29]  This Court may appoint counsel under the Criminal Justice

Act in this case if the Court determines that the interests of justice so require.[30]  This Court does

not so determine.  Hoover's request for the appointment of counsel will be denied.

**B.      Availability of Relief under § 2254**

Respondent contends that the decision of Respondent to revoke 60 days of Hoover's good

time credits and reduction of Hoover's privileges for 90 days does not affect the duration of his

imprisonment.  Therefore, according to Respondent, this goes to a condition, not the duration, of

Hoover's confinement, which is properly brought in a civil rights action under 42 U.S.C. § 1983.

The proper remedy for the fact or duration of confinement is a petition for habeas corpus relief.[31]

On the other hand, the proper remedy for a "condition of confinement" is a civil rights action

under § 1983.[32]  While Respondent's contention is certainly true with respect to the reduction of

privileges, it is not so clear with respect to the revocation of Hoover's good time credits.

Respondent appears to argue that an inmate's good time credits are only used to

determine a life prisoner's Minimum Eligibility for Parole Date ("MEPD"), which is adjusted

---

[28] *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).

[29] *See* Rules—Section 2254 Cases, Rules 6(a), 8(c).

[30] 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 728 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

[31] *See Preiser v. Rodriquez*, 411 U.S. 475, 484-88 (1973).

[32] *See id.* at 498-99.

through the credit earnings and losses.[33]  Respondent contends that, because Hoover's MEPD has long since passed, his actual term of incarceration will be determined by the Board of Parole Hearings.  Therefore, according to Respondent, the loss of his good time credits in 2008 could not affect the duration of his confinement.  That analysis begs the question:  if the loss of his good time credits will not affect the duration of Hoover's confinement, what was the purpose in assessing the loss as a penalty?  Because "time" only refers to duration of confinement, by no stretch of the imagination can the loss of good time credits be classified as a "condition" of confinement.  Furthermore, prison disciplinary actions are a "negative" factor to be considered by the Board in determining both suitability for and the setting of a parole date.  It has been the experience of this Court in reviewing parole denials by the Board of Parole Hearings (as well as its predecessor, the Board of Prison Terms), that the existence of a prison disciplinary action is a "negative" factor almost invariably cited by the Board in support of denial.[34]  Respondent's argument is further undercut by the fact that post-conviction credits earned for each year in prison may be affected by disciplinary actions, which impacts an inmate's actual release date once the Board finds the inmate suitable for parole.[35]  Thus, this Court cannot say that the disciplinary action in this case does not affect the duration of imprisonment.

---

[33] Citing Cal. Code Regs. tit. 15, § 2400.

[34] *See* Cal. Code Regs. tit. 15, § 2402(c)(6).

[35] Cal. Code Regs. tit. 15, § 2410.

## C.    Due Process Rights

Respondent further contends that Hoover does not have a sufficient liberty interest to trigger the protection of the Due Process Clause.  That argument lacks merit.  The Supreme Court has clearly and unequivocally held that where the disciplinary action results in the revocation of good time credits, prisoners retain the procedural protection of the Due Process Clause.[36]  Because prison disciplinary proceedings are not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding does not apply.[37]  In the context of prison disciplinary proceedings, the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken,[38] and (4) the findings must be supported by some evidence in the record.[39]  Inmates do not, however, have a right of confrontation and cross-examination.[40]  It is within this framework that this Court examines Hoover's claims.

## D.    Merits

Ground 1:  Right to Call Witnesses

At the disciplinary hearing, Hoover requested that he be permitted to call three witnesses: Correctional Officer Willis, and inmates Aremu and Tardiff.  The SHO denied his request.  With

---

[36] *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).

[37] *Id.* at 556.

[38] *Id.* at 563-66.

[39] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[40] *Wolff*, 418 U.S. at 567.

respect to the Correctional Officer, Hoover's request was denied on the basis that the officer was

not available, i.e., on vacation, at the time of the hearing.[41]  With respect to inmates Aremu and

Tardiff, denial was based upon the SHO's determination that they could provide no relevant or

additional information.[42]  Hoover argues that this constituted a denial of his due process right to

call witnesses on his behalf.  The Solano County Superior Court rejected Hoover's argument,

holding:

> Regarding his claims that he was denied witnesses, [Hoover] has failed to
> state a prima facie case for relief.  (*People v. Duvall* (1995) 9 Cal.[4th] 464, 475.)
> [Hoover] has not indicated to what each of these three witnesses would testify, so
> the Court cannot determine whether a violation of due process occurred.
> Furthermore, based on what is known about what one witness would have stated
> [Hoover] has not shown that his hearing was prejudiced.  A due process violation
> does not require reversal unless prejudice is shown.  (*Chapman v. California*
> (1967) 386 U.S. 18, 24; *In re Angela* (2002) 99 Cal.App.[4th] 389, 391.)[43]

Hoover contends that he did, in fact, indicate the testimony these witnesses would give.

In his habeas petition filed in the Solano County Superior Court Hoover stated:

> Had petitioner been afforded his due process right to call witnesses, the
> hearing officer would have heard exculpatory evidence and a finding of "not
> guilty" would have been established.  Additionally, evidence which later came to
> light would have revealed that Inmate Kevin Smith, CDCR# V-01723 put the cell
> phone and charger in the can in petitioners' [*sic*] box (See [*sic*] signed affidavit
> Exhibit C)
> [Cited regulations omitted]
> Petitioner requested these witness [*sic*] in an attempt to show that:
> 1)      Petitioner did NOT have constructive possession of said
>         "cellphone".
> 2)      That numerous inmates had access to the box in which "cellphone"
>         was allegedly found;

---

[41] Docket No. 21-2, p. 32.

[42] Docket No. 21-2, p. 33.

[43] Docket No. 21-2, pp. 2-3.

    3)      That due to the OPEN dorm setting (16 inmates live in area of petitioners [*sic*] bunk and 348 inmates have 24 hour access to said area.

    4)      That in fact inmate (See Exhibit C) did place cellphone and charge [*sic*] in petitioners [*sic*] box.

    By allowing these witnesses to be called petitioner would have shown that he did NOT have constructive possession of cellphone" [*sic*]:[44]

The Director's Level Appeal Decision succinctly summarized Hoover's argument regarding the refusal to call witnesses:

> [Hoover's] primary argument regarding the discovery of the cell phone found hidden inside a can with a false bottom that was in a box of his personal property under his bed was the result of staff entering the dorm and the inmate(s) who were using the contraband cell phone had thrown the item in the box under his bed.[45]

While the witnesses could possibly have testified to facts that would support a finding that Hoover did not have constructive possession of the cell phone, none of the witnesses were competent to testify that Hoover, in fact, did not have constructive possession.  As to the facts that the witnesses could have testified, i.e., because of the nature of the prison's housing configuration numerous inmates could have had access to the box, Hoover's third point, Hoover himself could have testified to those facts.  There is no indication in the record, and Hoover does not allege, that the issue of access by others was ever presented at the disciplinary hearing or was in dispute.  Moreover, it does not appear that the SHO, a Correctional Lieutenant, was not aware of the housing configuration and the potential for access by other inmates.

As the Solano County Superior Court noted, one of the witnesses identified would not have supported Hoover.  In the Second Level Appeal Response, the Warden stated:

---

[44] Docket No. 21-1, pp. 23-24.

[45] Docket No. 21-1, p. 49.

12

It is noted that you requested CO S. Willis at your disciplinary hearing, which was denied by the SHO based on the unavailability of the employee. This denial is within the scope of SHO duties and does not violate your due process rights. On March 27, 2008, a telephonic interview was conducted with CO S. Willis, who stated he clearly recalled the incident. CO Willis' account of the incident is as follows: He entered the dorm and another inmate was caught in conversation on a cell phone. CO Willis remained in the dorm as the five to six inmates exited the dorm. Each inmate was searched upon exiting. CO Willis stated that it was not possible for an inmate to have placed the can containing the cell phone in your property without pulling the box out from under your bunk. The box was positioned back against the wall, and if that had occurred he would have observed it. CO Willis stated logistically it was not believable that an inmate exiting the dorm could have placed the cell phone in the box at the exact location the can containing the cell phone was discovered in the box. CO Willis stated he·could not have provided any evidence/information that would have mitigated or refuted the charges as written.[46]

This Court also notes that, with respect to the inmates Hoover requested be called as witnesses, in his administrative appeal, he simply stated: "both inmates would have provided exculpatory evidence in relation to the search procedures utilized."[47] In that same appeal, Hoover alleged with respect to the statement that the Correctional Officer made about "yes, that's my stuff" that:

Appellant contends that he never made that statement. He further contends that C/O fields contrived this evidence and his statement is completely false. Additionally, had appellant been afforded his due process right to call witnesses he would. have been able to produce exculpatory evidence to this effect.[48]

Nowhere in any of the material before this Court does it appear that Hoover identifies with any degree of specificity what "exculpatory" testimony to which the identified witnesses were competent to testify. Instead, Hoover appear appears to believe that the simple fact his

---

[46] Docket 21-1, p. 47.

[47] Docket No. 21-1, pp. 42-43.

[48] Docket No. 21-1, p. 43.

request to call witnesses was denied is sufficient to *ipso facto* establish his due process right was violated. Quite to the contrary, no due process violation results from the failure to call witnesses who could not have provided new relevant information.[49]

In his petition filed in the Solano County Superior Court, Hoover argued:

> Furthermore, petitioner, in his inmate appeal (See Exhibit B) has introduced, exculpatory evidence which exonerates him of the aforementioned charge. This evidence includes a signed affidavit in which Inmate Smith V-01723 admits that he placed the can which concealed the cell phone and charger in the box underneath petitioner's bunk (See exhibit C). Staff who answered the attached inmate appeal (See exhibit B) completely ignored this exculpatory. evidence.[50]

Contrary to Hoover's contention, nowhere in Exhibit B to his habeas petition filed in the Solano County Superior Court does it appear that Hoover presented the Smith affidavit *to the prison authorities* at any point during the administrative process. Indeed, this Court notes that the signed affidavit attached as Exhibit C to Hoover's petition to the Solano County Superior Court was executed on August 18, 2008, nearly a month after Hoover's Director's Level Appeal had been decided. Because it did not even exist at the time of the final review at the Director's Level, the SHO could not have denied Hoover his right to call a witness that Hoover did not ask to be called. Nor, for that matter, could the prison officials have ignored exculpatory evidence that did not exist.[51]

---

[49] *See Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976); *Bostic v. Carlson*, 884 F.2d 1267, 1271-72 (9th Cir. 1989).

[50] Docket No. 21-1, p. 25.

[51] The effect of this affidavit will be discussed further below in connection with the second ground.

Based upon the record, this Court cannot say that the decision of the Solano County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[52]   Hoover is not entitled to relief under his first ground.

Ground 2:  Sufficiency of the Evidence

Hoover argues that, because the SHO relied solely upon the RVR, the finding that he was in possession of a cell phone was not supported by a preponderance-of-the-evidence required by the California regulations,[53] and/or failed the constitutional some evidence standard in *Hill*. Hoover contends that the evidence was trivial or contrived.  Hoover further alleges that the Respondent deliberately ignored exculpatory evidence, to wit:  the affidavit of Kevin Smith admitting his guilt.  The Solano County Superior Court disagreed, holding:

> Regarding his evidentiary claims – that the CDC did not properly apply the preponderance of the evidence standard and that his guilty finding is not supported by some evidence – the Court's review is very limited.  The Court must uphold the guilty finding so long as some evidence supports it.  (*In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498 quoting *Superintendent* v. *Hill* (1985) 472 U.S. 455, 456.)  Here, the guilty finding is supported by the fact that the cell phone was found under [Hoover's] bunk and in a box containing [Hoover's] property.[54]

With respect to Hoover's argument that the evidence did not meet the preponderance of the evidence standard required by California law, that argument may be disposed of quickly—it

---

[52] 28 U.S.C. § 2254(d).

[53] Cal. Code. Regs., tit. 15, § 3320(1).

[54] Docket No. 21-2, p. 3.

15

is of no concern to a federal court in federal habeas proceeding whether state law was correctly

applied.[55]  "[The Supreme Court has] long recognized that a mere error of state law is not a

denial of due process."[56]  "[A]bsent a specific constitutional violation, federal habeas corpus

review of trial error is limited to whether the error 'so infected the trial with unfairness as to

make the resulting conviction a denial of due process.'"[57]  "Federal courts hold no supervisory

authority over state judicial proceedings and may intervene only to correct wrongs of

constitutional dimension."[58]

> With respect to the constitutional "some evidence" standard:
>
> [. . . .]  Ascertaining whether this standard is satisfied does not require
> examination of the entire record, independent assessment of the credibility of
> witnesses, or weighing of the evidence.  Instead, the relevant question is whether
> there is any evidence in the record that could support the conclusion reached by
> the disciplinary board.[59]

The Due Process Clause does not mandate that courts abrogate disciplinary decisions of prison

administrators that have some basis in fact.[60]

> The evidence presented in the RVR that Hoover admitted that the box containing the cell

phone was his was sufficient evidence to support the guilty verdict.[61]  In rejecting Hoover's

---

[55] *Swarthout v. Cooke*, 562 U.S. ___, ___, 131 S. Ct. 859, 863 (2011) (per curiam).

[56] *Id.* (internal quotation marks and citations omitted).

[57] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[58] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[59] *Hill*, 472 U.S. at 455-56.

[60] *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997).

[61] *See Bostic*, 884 F.2d at 1271.

defense, the Chief of the Inmate Appeals Branch in rendering the Director's Level Appeal

Decision characterized it as:

> [Hoover's] argument is not viewed as feasible, particularly when he suggests that other inmates when discovered talking on a cell phone had the where with all [*sic*] to put the cell phone in a false bottom can and thrown this can under [Hoover's] bunk, which landed inside the box.[62]

Accordingly, given the limited scope of judicial review of the sufficiency of the evidence

to support disciplinary decisions of prison authorities under both California and Federal

standards, this Court cannot say the decision of the Solano County Superior Court, to the extent it

was based the evidence presented at the disciplinary hearing, was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States" at the time the state court renders its decision or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."[63]

The Smith affidavit, in which Smith admitted that the cell phone was his, not Hoover's,

and that Smith, not Hoover, placed the cell phone in the box presents a somewhat different

situation.  As noted above, this "exculpatory" evidence was never presented to the prison

administrators during the administrative disciplinary proceeding.  It was, however, included as

part of the record in the habeas petitions presented to the California courts.  The only reasoned

decision by a California court, that of the Solano County Superior Court, does not even refer to,

let alone discuss, the Smith affidavit.

---

[62] Docket No. 21-1, p. 50.

[63] 28 U.S.C. § 2254(d).

Because the "exculpatory evidence" was not presented to the prison authorities during the administrative proceedings, it cannot be the basis for the relief requested by Hoover—reversal of the finding of guilt and direction to expunge the record. The only possible remedy is to vacate the adverse disciplinary action and remand to the prison authorities for reconsideration or a new hearing taking into consideration the newly-discovered exculpatory evidence. The parties have not addressed this question.

Hoover has not requested that the disciplinary decision be vacated and remanded to the prison authorities for reconsideration in his Petition to this Court, nor did he request it in any of his petitions for habeas relief in the state courts. Furthermore, it also appears from the record that Hoover did not request reconsideration of the Director's Level Appeal Decision or a new hearing based upon the newly-discovered evidence. The question of whether Hoover was entitled to reconsideration or a new hearing based upon the newly-discovered evidence has never been presented to the California courts. Thus, the question becomes: what relief, if any, can this Court grant in this case? The answer to that question is not as difficult as may appear at first blush.

When there is no reasoned state court decision denying an issue presented to the state "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[64] Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state court

---

[64] *Richter*, 562 U.S. at ___, 131 S. Ct. at 784-85.

decision was objectively unreasonable.[65]  In so doing, because it is not clear that it did not so do, the Court presumes that the state court decision rested on federal grounds,[66] giving the presumed decision the same deference as a reasoned decision.[67]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[68]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[69]  Applying this standard by analogy, this Court will assume:  (1) Hoover properly presented the question to the Solano County Superior Court; and (2) the court denied relief on the merits.

The circumstances under which a state prisoner is entitled to reconsideration or a new hearing in a disciplinary hearing is determined by reference to California law.  Because this Court is reviewing the last decision of the state court, not the decision of the prison authorities, the analysis addresses the remedy available in the state court.  Under California law, the appropriate

---

[65] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[66] *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman*, 501 U.S. at 740.

[67] *Richter*, 562 U.S. at ____, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[68] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[69] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

remedy available in the Solano County Superior Court was the functional equivalent of a writ of error *coram vobis* directing the Director to reconsider his decision in light of the new evidence.[70]

Five requirements must be met before a writ of error *coram vobis* will be issued:  (1) no other remedy, such as a request for a new hearing or reconsideration is available; (2) the proffered new evidence will either compel or make probable a different result; (3) the proffered new evidence was not presented in the disciplinary proceeding for reasons other than the fault or negligence of the prisoner and was unknown to the prisoner at any time substantially earlier than the filing of the petition for the writ; (4) the proffered new evidence is not presented on an issue adjudicated in the disciplinary proceeding because factual issues cannot be reopened except upon motion for a new trial or for reconsideration; and (5) the proffered new evidence was unavailable to the prisoner because of extrinsic fraud that prevented the prisoner from having a meaningful hearing on ths issue.[71]  The issuance of the writ is committed to the sound discretion of the court.[72]

In this case, the California state courts would be justified in denying *coram vobis* relief on either the fourth (issue was adjudicated in the disciplinary proceeding) or fifth (evidence was not unavailable on account of extrinsic fraud) elements, or both.  Even if the state courts erred, because it would present solely an issue of state law, not one of constitutional dimension, it

---

[70] A writ issued by an appellate court directing a trial court to reconsider its decision in light of newly discovered evidence.  *See* 6 Witkin, Cal. Crim. Law, § 99 (3d ed.).  The basis for the issuance in of a writ of error *coram vobis* is the same as for a writ of error *coram nobis*, the only fundamental difference is that *coram nobis* is addressed to the court in which convicted and *coram vobis* is used upon application to a higher court.  *Ex parte Lindley*, 177 P.2d 918, 929 (Cal. 1947).

[71] *See In re Rachael M.*, 7 Cal. Rptr.3d 153, 158-59 (Cal. App. 2003).

[72] *See People v. Superior Court (Giron)*, 523 P.2d 636, 639 n.5 (Cal. 1974).

would not be cognizable in this Court on federal habeas review.[73]  Accordingly, Hoover is not

entitled to relief under his second ground.

## V.  CONCLUSION AND ORDER

Hoover is not entitled to relief on any ground raised in his Petition.

**IT IS ORDERED THAT** Hoover's request for an evidentiary hearing and appointment

of counsel are **DENIED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[74]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[75]

The Clerk of the Court is to enter judgment accordingly.

Dated:  August 26, 2011.

       /s/ James K. Singleton, Jr.
       JAMES K. SINGLETON, JR.
       United States District Judge

---

[73] *Cooke*, 562 U.S. at ___, 131 S. Ct. at 863; *Sanchez-Llamas*, 548 U.S. at 345.

[74] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("to obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's  resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El*, 537 U.S. at 327).

[75] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.